# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO PUCCI S.R.L.; EMILIO PUCCI INTERNATIONAL B.V., <br><br> Plaintiffs, <br><br> vs. <br><br> NOMAD FOOTWEAR, INC., a California corporation, doing business as NOMAD FOOTWEAR; IRIS SHIH, an individual; and JOHN DOES 1-10, <br><br> Defendants. | Case No.: CV10-8363 SVW (Ex) <br><br> **STIPULATED JUDGMENT OF PERMANENT INJUNCTION AND DISMISSAL OF REMAINDER OF ACTION WITH PREJUDICE** |

Pursuant to the parties' Settlement Agreement and Stipulation of the Parties, through their respective counsel of record, and good cause appearing therefor, **IT IS HEREBY ORDERED, DECREED AND ADJUDGED**:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116(a) and 1121, 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c). Service was properly made against Defendants, and they do not contest service or jurisdiction.

2. Emilio Pucci S.R.L. and Emilio Pucci International B.V. are companies duly organized and existing under the laws of Netherlands and Italy, respectively.

3. Pucci is the owner of all rights in and to the following trademark registrations (the "Pucci Trademarks"):

| Mark | Reg. / Serial No. | Date of Registration |
|---|---|---|
| PUCCI | 3,252,030 | June 12, 2007 |
| EMILIO PUCCI | 1,687,909 | May 19, 1992 |

4. The Pucci Trademarks are in full force and effect and have never been abandoned.

5. Plaintiffs allege that Defendants have sold merchandise wrongfully bearing the mark "Pucci". Defendants enter into this Stipulated Judgment without admitting liability.

6. Defendants Nomad Footwear, Inc. and Iris Shih and any and all of their respective agents, officers, servants, employees, representatives, successors, assigns and all other persons in active concert or participation with any of them, are hereby permanently enjoined from:

A. Manufacturing, distributing, marketing, selling or offering for sale any apparel or other merchandise that bears the Pucci Trademarks.

B. Using, reproducing, advertising, or promoting any of the Pucci Trademarks in connection with the offer or sale of any goods, the use of any domain name, the rendering of any service or any commercial activity;

C. Using, reproducing, advertising, or promoting any trademark or URL that is confusingly similar to, or a colorable imitation of, any of the Pucci Trademarks;

D. Using, reproducing, advertising, or promoting any trademark or name that may be calculated to represent or that has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by, or in some way associated with Pucci;

E. Using, reproducing, advertising, or promoting in connection with any product or service the name, trademark, URL EMILIO PUCCI, or URL PUCCI or any name, trademark, or URL confusingly similar therewith;

F. Injuring the commercial reputation, renown, or goodwill of Pucci, or any of the Pucci Trademarks; and

G. Using or reproducing any word, term, name, symbol, or device, or any combination thereof, which confuses or falsely represents or misleads, is calculated to confuse, falsely represent, or mislead, or which has the effect of confusing, falsely representing, or misleading, that the activities of Defendants or another are in some way connected with Pucci, or are sponsored, approved, or licensed by Pucci.

7. This Court shall retain jurisdiction to enforce this Stipulated Judgment and Stipulated Permanent Injunction by way of contempt or otherwise.

8. Defendants waive appeal of this Stipulated Judgment and Stipulated Permanent Injunction.

| | |
|---|---|
| 1 | 9. This document shall be deemed to have been served upon Defendants |
| 2 | at the time of its execution by the Court. |
| 3 | 10. The remaining claims in this action shall be and hereby are dismissed |
| 4 | with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the parties' written |
| 5 | Settlement Agreement, each party to bear its own attorneys' fees and costs. |

DATED: May 3, 2011

By *[signature]*
Hon. Stephen V. Wilson
Judge of the United States District Court

3

Doc. # CC-245104 v.1